[No. 2120.]

OLIVER SPAIN *v.* THE STATE.

1. THEFT.— INDICTMENT for theft, failing to allege that the property was *fraudulently* taken, is insufficient to charge the offense.
2. SAME.— Note the suggestion of the court as to descriptive averments in an indictment for theft of animals of the equine species, which should be observed.

APPEAL from the District Court of Grimes. Tried below before the Hon. Benton Randolph.

The conviction in this case was for the theft of a colt, the property of David Solley, in Grimes county, Texas, on the 25th day of October, 1883. A term of five years in the penitentiary was the penalty assessed against the appellant.

*McDaniel & Dodd*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. This conviction is for the theft of a colt, and the indictment fails to allege that the taking was *fraudulent* and is therefore substantially defective. (*Sloan* v. *The State*, 18 Texas Ct. App., 225.)

It is urged by defendant's counsel that, as the evidence shows that the animal was three years old when taken, it was not a *colt* as alleged in the indictment, and that therefore there is a fatal vari-· ance between the allegation and the proof. This appeal has been prosecuted solely upon this supposed error. It is unnecessary that we should decide the question, but we will take occasion to remark that it is as easy, in charging this offense, to describe the animal as a *horse* as it is to describe it as a *colt*, and by so doing this question could not arise.

Because the indictment is fatally defective the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered December 2, 1885.]